Rhode Island Horseshoe Co. agt. Goodenough Horseshoe Manuf. Co.

# SUPREME COURT.

## The Rhode Island Horseshoe Company agt. The Goodenough Horseshoe Manufacturing Company.

*Removal of cause to United States court — where petition and bond should be filed.*

The petition and bond required to be given for the removal of a cause from a state court to the United States circuit court, under the act of congress of 1875 authorizing such removal where litigants reside in different states, must be filed in the supreme court and not in the office of the county clerk.

Although the county clerk of New York county is *ex officio* the clerk of the supreme court, his office is not the supreme court, and the filing of the petition and bond with him will not work a removal.

*At Chambers, October,* 1876.

The plaintiff sued to recover $13,259.35 for horseshoes, &c., claimed to have been sold to the defendants, and judgment was entered for this sum. The defendants moved to vacate the judgment on the ground that it was entered after the removal of the case to the United States circuit court, under the act of congress of 1875, authorizing such removal where litigants reside in different states. The defendant, on the third of October, filed its petition and bond with the county clerk, and it was claimed that the plaintiff disregarded the removal and entered judgment.

The following affidavit was used by plaintiff to resist the motion to vacate the judgment:

Rhode Island Horseshoe Co. agt. Goodenough Horseshoe Manuf. Co.

"City and County of New York, ss. :

" Alfred Taylor, an attorney of this court, assistant and managing clerk in the office of Tracy, Olmstead & Tracy, plaintiff's attorneys, being sworn, says that he has inquired of Mr. Hardie, law clerk in the office of the county clerk, and is informed by him, and believes that the petition and bond in this action were filed on the third day of October instant, in the county clerk's office, in the basement of the court-house, between 12 m. and 1 p. m.; and the same were brought there by some person from without, who was not a clerk, deputy clerk, or officer of the court, who handed the same to him at his desk in said office without making any explanation or request; and he thereupon indorsed the same, ' Filed October 3, 1876,' and placed the same on file in that office.

" Deponent further says, that this court was in session on said October third, and one judge was holding the special term at chambers, and another was holding the special term for trials, and other judges were holding the general term, and two or more circuits, and the several terms of the court for October had commenced the day previous ; and that there then was and now is a clerk's office and clerk of the special term, at chambers, in the first story of the court-house, adjoining the court room of said special term at chambers; and each other branch of the court has its own clerk ; and that no papers for the removal of the cause, nor any notice thereof, were received by the plaintiff's attorneys, except the written notice, of which a copy is hereto annexed, and marked schedule A, until after the entry of judgment and issue of execution and readjustment of costs on notice, which latter took place October ninth, and that the summons and complaint, and copy of bond as security for costs, were served September 14, 1876, and the judgment was entered October 5, 1876; and that, as deponent is informed and believes, neither the petition nor bond was presented to or brought before this court, or any judge thereof, for acceptance or any

Rhode Island Horseshoe Co. agt. Goodenough Horseshoe Manuf. Co.

other purpose; and that deponent has this day examined the petition and bond, and does not find thereon any mark or entry of acceptance or approval on either of the same.

"Subscribed and sworn to October 23, 1876.

"ALFRED TAYLOR."

"SCHEDULE A.

"Please to take notice, that we have been retained by and appear as attorneys for the Goodenough Horseshoe Manufacturing Company, the defendant in the action above entitled, and that the said defendant has this day made and filed in said action in the said supreme court, in the office of the clerk of the city and county of New York, at the county court-house in said city, a petition and bond for the removal of said action from said court to the circuit court of the United States for the southern district of New York, in the second circuit.

"Dated NEW YORK CITY, *October* 3, 1876.

"STARR & RUGGLES,
"*Attorneys for the Goodenough H. M. Co.*"

*Charles Tracy*, for plaintiff.

*Henry M. Ruggles*, for defendant.

BARRETT, *J.* — The petition and bond should have been filed in the supreme court, and not in the office of the county clerk. The county clerk is ex officio the clerk of the supreme court in this county, but his office is not the supreme court. Then the court has a duty to perform, viz., to accept the petition and bond and proceed no further in the suit. This duty cannot be performed by the county clerk; the statute imposes it upon the court. Further, the bond must be with "good and sufficient surety." It is such a bond, and such a bond only, that the court is required to accept. It is for the court, and not for the clerk, to accept a bond with good and

Rhode Island Horseshoe Co. agt. Goodenough Horseshoe Manuf. Co.

sufficient surety. This construction is the only reasonable one. In this county there is no vacation such as would prevent a party from presenting his petition and bond to the court. The special term is in session every day in the year, except Sundays and legal holidays. It would be contrary to precedent, and subversive of the orderly administration of justice, to permit any serious step in a cause without notice to the party to be affected. The act should be read in the light of this just principle. Then consider the effect of the opposite construction. The claim here is that the mere filing of the petition and bond in the clerk's office, without notice to the plaintiff (that given him being a mere act of courtesy), worked a removal, and this, although the court was in session at the time. In other words, that a plaintiff who brings a suit in our courts may, in complete ignorance of the removal, proceed to judgment and execution only to find himself a trespasser. If congress meant this, the language should have been so precise and specific that no other construction could possibly be put upon it. The motion must be denied, with ten dollars costs.